(No. 3377—

MARY McGUIRE, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed August 18, 1939.

CLAIMANT, pro se.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Charles McGuire, Jr., for more than a year prior to April 22, 1939, had been in the employ of the State of Illinois as a maintenance patrolman in the Division of Highways, Department of Public Works and Buildings. One of the duties incident to his employment was the care of a State-owned truck which was assigned to him for use in his work. By arrangement with the Department the truck was kept at

the employee's home, and on the date in question he was there greasing it. He had raised the body to a "dump position" by the hydraulic lift and was leaning over the side of the truck frame in order to grease certain parts of the mechanism behind the cab. In some manner the lever which operated the hydraulic lift was moved and the box descended on him, crushing his body and resulting in his immediate death.

Claimant, Mary McGuire, is the widow of said employee and in addition he left surviving four children, Charles John, Eugene Edward, Mary Frances, and Kathleen, of the respective ages of Seven (7), Five (5), Four (4), and Two (2) years. A medical bill for first-aid by Dr. Thomas F. Forest of Woodstock, Illinois, in the sum of Five ($5.00) Dollars has been paid by respondent.

The widow, Mary McGuire, filed her claim herein Pro Se on the 17th day of May, 1939, for an award under the provisions of Sections 7 (a) and 7 (h)3 of the Workmen's Compensation Act, resulting in the payment of Five Thousand Five Hundred ($5,500.00) Dollars by reason of the death of said employee. By stipulation between claimant and the Attorney General's office it is agreed that the foregoing are the facts, and that the decedent's annual earnings for the year immediately prior to April 22, 1939, in his employment as such maintenance patrolman amounted to One Thousand Six Hundred Twenty ($1,620.00) Dollars; further, that respondent had immediate notice of the accident; that claimant made demand for compensation within six months thereafter, and that the claim for compensation was filed within one year from the date of such accident.

From the record it appears that the claimant suffered accidental injury and death, and that same arose out of and in the course of his employment; that said employee and respondent were within the terms of the Illinois Workmen's Compensation Act; that the payment provided for by Section 7 (a) of the Act for four times the average annual earnings of the employee is increased by virtue of the fact that claimant left surviving four children who were under the age of sixteen years at the time of the accident. Under Section 7 (h) 3 the maximum of Four Thousand ($4,000.00) Dollars is increased to Five Thousand Five Hundred ($5,500.00) Dollars in case of three or more children under the age of sixteen years at the time of the death of the employee.

The Court therefore finds that under the provisions of the Act claimant Mary McGuire is entitled to receive from respondent the sum of Four Thousand ($4,000.00) Dollars. This amount is increased to Five Thousand Five Hundred ($5,500.00) Dollars by virtue of said employee being survived by four children under the age of sixteen years at the time of their father's death. His salary being One Thousand Six Hundred Twenty ($1,620.00) Dollars for the year preceding his death, his average weekly wage would therefore be Thirty-one and 15/100 ($31.15) Dollars.

The maximum payment of fifty (50) per cent of said weekly wage is increased to sixty-five (65) per cent because of the existence of said four children, and payments on any award herein are computable at the rate of Nineteen and 60/100 ($19.60) Dollars per week.

We further find that said claimant, Mary McGuire, and each of said children were wholly dependent on the earnings of deceased at the time of the latter's injury and death. Under authority of the statute whereby the Court is granted the discretion to award payment of the children's share to the parent for such children's support, we find that an order for payment in such manner should be herein made.

An award is hereby made to claimant in the sum of Five Thousand Five Hundred ($5,500.00) Dollars, Four Thousand ($4,000.00) Dollars of which is awarded to claimant in her own right and One Thousand Five Hundred ($1,500.00) Dollars thereof awarded to her as next friend for the use of Charles John McGuire, Eugene Edward McGuire, Mary Frances McGuire and Kathleen McGuire; said award being payable as hereinafter provided.

The time that will have elapsed from the date of said accident until September 16, 1939, will be twenty-one (21) weeks. Claimant will therefore be entitled to receive on September 16, 1939, on the basis of Nineteen and 60/100 ($19.60) Dollars per week, the sum of Four Hundred Eleven and 60/100 ($411.60) Dollars for compensation accrued to that time, leaving a balance of Five Thousand Eighty-eight and 40/100 ($5,088.40) Dollars to be thereafter paid at the rate of Nineteen and 60/100 ($19.60) Dollars per week, payable in monthly installments, subject to the further provisions of the Illinois Workmen's Compensation Act.

This award being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1937 (Session Laws 1937, page 83), and being subject further to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Moneys until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly" (Senate Bill 123, as amended), approved July 8, 1939; and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for by the foregoing Acts.